# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES P. WALSH | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-729 |
| | § | (Judge Mazzant/Judge Bush) |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

On June 29, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge be **AFFIRMED**.

On July 7, 2016, Plaintiff filed objections to the Magistrate Judge's report (*see* Dkt. #22), and Defendant filed its response to those objections on July 19, 2016 (*see* Dkt. #24).

The Court has made a *de novo* review of the objections raised by Plaintiff and Defendant's response and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

Although Plaintiff fails to clearly object to any specific finding or conclusion of the Magistrate Judge, the Court briefly addresses his arguments herein. Essentially, Plaintiff disagrees

with the Magistrate Judge's ultimate recommendation to affirm the ALJ's decision finding that Plaintiff was not disabled. The Court addresses Plaintiff's arguments nonetheless.

The Court first addresses Plaintiff's argument that Dr. Jagdish Shah's opinion does not support the ALJ's finding that Plaintiff can perform the standing/walking requirements of light work. The Magistrate Judge found that Dr. Shah's examination findings and opinion provide substantial evidence supporting the ALJ's physical RFC determination.

Light work is defined by the applicable regulations as follows:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

"[T]he full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday." Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6. Because Dr. Shah's report provides that Plaintiff can stand for four hours in an eight-hour workday and walk for three hours in an eight-hour workday (Tr. 337-38), the Court agrees with Defendant that the record shows that Plaintiff can stand or walk for a total of seven hours in an eight-hour workday (Tr. 337-38). The Magistrate Judge did not err in finding that Dr. Shah's examination findings and opinion provide substantial evidence supporting the ALJ's physical RFC determination that Plaintiff can perform less than the full range of light work. That the ALJ found that Plaintiff could perform "less than the full range of light work" does not mean (nor do the regulations support a finding) that

he cannot do any light work tasks. Plaintiff's objections in this regard are overruled.

Next, the Court turns to Plaintiff's argument that, because he has moderate difficulties with concentration, persistence or pace (CPP), he is disabled. The Court finds that the record supports the Magistrate Judge's analysis on this issue.

The Magistrate Judge addressed the testimony in the record regarding Plaintiff's mental impairments but noted that testimony in the record indicated that the CPP could be accommodated by limiting Plaintiff's mental RFC to "simple routine tasks consistent with unskilled work, no requirement for the reading of written instructions or preparation of written reports or mathematical computations" *See* Dkt. # 20 at 8 (citing Tr. 60). The Magistrate Judge further found that, although the available jobs were limited in nature, there was sufficient evidence in the record to support the ALJ's findings regarding Plaintiff's mental RFC.

The Court agrees with the Magistrate Judge that, even after taking into account Plaintiff's moderate difficulties with CPP, the record supports the ALJ's mental RFC determination. Plaintiff's arguments regarding the ALJ's consideration of the opinions of Dr. Grant Hellyer, who conducted a mental health examination of Plaintiff, and the VE regarding his "mental problems" are without merit and his objections in this regard are overruled. The Magistrate Judge correctly found that there is substantial evidence and relevant legal precedent to support the ALJ's decision denying Plaintiff's application for benefits.

Finding that Plaintiff's objections are without merit, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

**It is SO ORDERED.**

**SIGNED this 22nd day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE